IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| S.E.B.M., a minor, by and through her next friend, MARIA MENDEZ FELIPE, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 21-cv-00095-JHR-LF<br>) |
| THE UNITED STATES OF AMERICA., | )<br>) |
| Defendant. | )<br>) |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff respectfully submits this Sur-Reply to address a new argument not made in Defendant's Motion to Dismiss (ECF No. 16).

Defendant's Motion argued that the FTCA's discretionary function exception shields tortious conduct that is unconstitutional. Mot. 16-17. It now rightly acknowledges that "the Constitution may establish such a specific prescription that it removes an official's discretion." Reply 7. However, Defendant advances the new argument that the discretionary function exception shields unconstitutional conduct only so long as the constitutional right was "clearly established" at the time of the violation. *Id*. at 8. No law supports applying that standard to the FTCA's discretionary function exception, and, in any event, Plaintiff's right to family integrity was clearly established at the time of her separation.

The requirement that a constitutional right be "clearly established" arises only when considering qualified immunity defenses in suits against government officials in their *individual capacity* (such as in federal *Bivens* actions), and does not apply in the FTCA context where the defendant is the U.S government. As the D.C. Circuit explained in *Loumiet v. United States*, 828

1

F.3d 935 (D.C. Cir. 2016), qualified immunity "is directly tied" to the "fear [that] personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Id*. at 946 (quotation marks omitted). That concern has no place in FTCA claims, where Congress has specified that the United States—not particular federal officers—is subject to suit for its tortious behavior. To rely on qualified-immunity-based principles would "miscast the relationship between FTCA state-law torts and *Bivens* constitutional claims." *Id*. at 945. Indeed, the D.C. Circuit "found no precedent in any circuit holding as the government urges" that the "clearly established" standard should apply in the FTCA context. *Id.* at 946; *see Galvin v. Hay*, 374 F.3d 739, 757 (9th Cir. 2004) (dismissing *Bivens* claims against individual officers on qualified immunity grounds but holding that discretionary function exception did not shield Government from FTCA liability for the same conduct because it violated the Constitution).[1]

In any event, Plaintiff's right to family integrity was clearly established at the time of her separation. "The liberty interest parents have in the care, custody, and control of their children is . . . 'perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court.'" *United States v. White*, 782 F.3d 1118, 1138 (10th Cir. 2015) (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). As multiple courts have held, Defendant's mistreatment and prolonged separation of families was so "brutal and offensive" as to "shock the conscience and violate Plaintiff's constitutional right to family integrity." *Ms. L. v. ICE*, 302 F. Supp. 3d 1133, 1167

---

[1] Defendant's citation to *Bryan v. United States*, 913 F.3d 356, 364 (3d Cir. 2019), is not to the contrary. That case involved both *Bivens* and FTCA claims and the plaintiffs argued only that the U.S. had violated "clearly established" constitutional rights, so the court had no occasion to address whether constitutional violations must be "clearly established" for FTCA purposes.

(S.D. Cal. 2018) (cleaned up); *Jacinto-Castanon de Nolasco v. ICE*, 319 F. Supp. 3d 491, 499 (D.D.C. 2018); *W.S.R. v. Sessions*, 318 F. Supp. 3d 1116, 1125 (N.D. Ill. 2018).[2]

Defendant itself has "denounced" this prior practice, Mot. 1, and in other litigation "agree[d] that a constitutional violation occurred when the Government separated children from their parents." *J.S.R. by and through J.S.G. v. Sessions*, 330 F. Supp. 3d 731, 741 (D. Conn. 2018). It cannot now claim that Plaintiff's right to family integrity was not "clearly established" simply because no Supreme Court or Tenth Circuit expressly said so. "'[G]eneral statements of the law' can clearly establish a right for qualified immunity purposes if they apply 'with obvious clarity to the specific conduct in question.'" *Halley v. Huckaby*, 902 F.3d 1136, 1149 (10th Cir. 2018) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). Here, "[t]he obvious cruelty inherent in [Defendant's] practice should have provided [it] with some notice that [its] alleged conduct violated [Plaintiff's] constitutional" rights. *Hope*, 536 U.S. at 745. That no court had previously discussed the precise practice here—the systematic taking of children as young as two years old from their parents at the border—is simply a reflection of the unprecedented nature of these shockingly brutal and obviously unconstitutional governmental actions. *See, e.g.*, *id*. at 741.

Indeed, courts have refused to dismiss claims nearly identical to the FTCA claims Plaintiff asserts here in cases where Defendant has made the same argument that the constitutional violation must be "clearly established." *See* Defs.' Reply in Support of Mot. to Dismiss at 4-5, ECF No. 16, *Nunez Euceda v. United States*, No. 220CV10793VAPGJSX, 2021

---

[2] Defendant unsuccessfully attempts to distinguish *Ms. L.* on the ground that plaintiffs in that case presented at a port of entry and were not criminally prosecuted. Reply 8 n.6. But the court granted a class wide preliminary injunction to a class of "All adult parents who enter the United States at *or between designated ports of entry* …." *Ms. L.*, 310 F.Supp.3d at 1139, n.5, 1149 (emphasis added). That class includes parents like Plaintiff's father in this case who were prosecuted. *See id*. at 1138 (describing named plaintiff who was prosecuted).

WL 4895748, at *3 (C.D. Cal. Apr. 27, 2021); Mot. to Dismiss at 19, ECF No. 12, *R.Y.M.R. v. United States*, No. 1:20-cv-23598-KMW, Dkt. 23 (S.D. Fl. Feb. 5, 2021); Reply in Support of Mot. to Dismiss at 8-10, ECF No. 32, *A.P.F. v. United States*, 492 F. Supp. 3d 989, 994 (D. Ariz. 2020). The Court should do the same here and deny Defendant's Motion to Dismiss. Indeed, discovery is likely to reveal that the family separation practice was even more intentionally brutal and unconstitutional than is currently known.

                                                    Respectfully submitted,

/s/ Rebecca Sheff
Rebecca Sheff
María Martínez Sánchez
Zoila Alvarez Hernández
Leon Howard
ACLU OF NEW MEXICO
P.O. Box 566
Albuquerque, NM 87103
(505) 266-5915
rsheff@aclu-nm.org
msanchez@aclu-nm.org
zalvarez@aclu-nm.org
lhoward@aclu-nm.org

/s/ Lisa Lehner
Lisa Lehner, Fla. Bar 382191
Jennifer Coberly, Fla. Bar No. 930466
AMERICANS FOR IMMIGRANT
   JUSTICE
6355 NW 36 Street, Suite 2201
Miami, FL 33166
Phone: (305) 573-1106 Ext. 1995
Fax: (305) 576-6273
llehner@aijustice.org
jcoberly@aijustice.org

/s/ Ian Ross
Ian M. Ross, Fla. Bar No. 091214
Michael Nadler, Fla. Bar No. 051264
Erica L. Perdomo, Fla. Bar No. 105466
STUMPHAUZER FOSLID SLOMAN
   ROSS & KOLAYA, PLLC

4

Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
(305) 614-1400
iross@sfslaw.com
mnadler@sfslaw.com
eperdomo@sfslaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon all counsel of record via the CM/ECF system on this 31st day of March, 2022.

/s/ Rebecca Sheff
Rebecca Sheff