**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

S.E.B.M., *a minor, by and through her*
*next friend,* MARIA MENDEZ FELIPE,

     Plaintiff,

v.                                       No. 1:21-cv-00095-JHR-LF

THE UNITED STATES OF AMERICA,

     Defendant.

**MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION**

     **THIS MATTER** is before the Court on Plaintiff S.E.B.M.'s Opposed Rule 59 Motion to Alter or Amend Judgment, [Doc. 64] ("the Motion").  S.E.B.M. filed an accompanying brief in support, [Doc. 65], Defendant the United States of America ("the government") responded in opposition, [Doc. 73], and S.E.B.M. replied, completing briefing.  *See* [Docs. 79, 80].  Having considered the briefing and relevant law, the Court denies the Motion.

## I.   INTRODUCTION

     In February 2021, S.E.B.M. sued the government of the United States of America under the Federal Tort Claims Act ("FTCA"), alleging that the government intentionally inflicted emotional distress upon her and acted negligently when it separated her from her father shortly after they illegally entered the United States.  *See* [Doc. 1].  In March 2023, this Court issued an order dismissing S.E.B.M.'s case entirely for lack of subject matter jurisdiction.  [Doc. 62]; *S.E.B.M. v. United States*, 1:21-cv-00095-JHR-LF, --- F. Supp. 3d ----, 2023 WL 2383784 (D.N.M. 2023).  She now asks the Court to amend its final judgment and reopen her case so that she can amend her complaint based on newly discovered evidence and because, in her view, the Court's decision to dismiss this case was clearly wrong on its merits.  *See* [Docs. 64, 65].

S.E.B.M.'s Motion is denied because she does not meet the burden necessary to reopen a case under Rule 59(e).  The new evidence she presents was not sought and presented with the minimum diligence necessary to warrant reopening the case, nor does S.E.B.M. show that incorporating the new evidence into her complaint would make a difference in the Court's decision.  Her arguments for legal error also fail because she has not shown that the Court was clearly wrong.  The Motion is thus denied.

## II.   PARTIES' ARGUMENTS

### a. *New Evidence*

S.E.B.M. first argues that the case should be reopened so she can amend her complaint based on new evidence.  In late December 2022, months after all briefing was filed on the government's Motion to Dismiss but before the Court issued its decision, popular magazine The Atlantic published an article and several government documents related to the Trump administration's "Zero Tolerance" immigration enforcement policy.  *See* Caitlin Dickerson, *The Family-Separation Files*, The Atlantic (Dec. 31, 2022).[1]  S.E.B.M. says that these documents are newly discovered evidence and wants to incorporate them into an amended complaint which would then survive jurisdictional scrutiny for two reasons.  [Doc. 65, pp.3–5].  First, the documents would show that her father's prosecution was a pretext to achieve family separation, intended to inflict psychological harm and dissuade others like S.E.B.M. and her father from seeking asylum in the United States.  *Id.* at  5–7.  Second, the documents would show that the government's post-separation conduct was negligent, performed without due care, and outside the scope of permissible discretionary functions.  *Id.* at 7–8.

---

[1] The article, and links to the documents, can be found on The Atlantic's website here: https://www.theatlantic.com/politics/archive/2022/12/the-secret-history-of-family-separation-document-collection/672146/ (accessed November 13, 2023).

S.E.B.M. acknowledges she has a burden to show that the new evidence was previously unavailable and claims she has met it. *See id.* at 2. Although the documents were published before final judgment, S.E.B.M. says she did not bring the evidence forward until now because they were published well after briefing was complete on the Motion to Dismiss and because the records were so voluminous that her lawyers needed time to digest them before presenting them to the Court. *id.* at 3–4. Given the weighty significance of the new evidence, S.E.B.M. argues the Court should give her a chance to rely upon them in her case.

The government disagrees with S.E.B.M.'s "new evidence" arguments for three reasons. First, it argues that S.E.B.M.'s brief merely links to an online database of documents without citing any specific information therein and that she therefore did not meet her burden of production. [Doc. 73, pp. 5–6]. Second, the government says that S.E.B.M. was required to diligently pursue this new evidence, but her failure to notify the government or the Court of the new evidence in the sixty-five days between its publication and the entry of judgment shows a lack of diligence. *Id.* at 6–7. In response to S.E.B.M.'s claim that her lawyers needed time to digest all the new information, the government points out that the documents total eight-hundred and twenty pages, five-hundred and fifty-one of which consisted of a congressional committee report which had been public since October 2020. *Id.* at 6–7; *see also* Staff of H.R. Comm. on the Judiciary, 117th Cong., *The Trump Administration's Family Separation Policy: Trauma, Destruction, and Chaos* (Comm. Print, Oct. 2020).[2] Finally, the government argues that the information in the new documents is cumulative of allegations in S.E.B.M.'s original complaint, all of which were expressly considered and found lacking in this Court's order dismissing

---

[2] The report was publicly available, at latest, on October 29, 2020, when Democrats on the committee issued a press release linking to the report. The press release can be read here: https://democrats-judiciary.house.gov/news/documentsingle.aspx?DocumentID=3442 (accessed November 13, 2023).

S.E.B.M.'s claims.  [Doc. 73, pp. 7–9].  Therefore, says the government, S.E.B.M.'s Motion should not be granted based on discovery of new evidence.

      b.  *Legal Error*

      S.E.B.M. primarily argues that the Court's decision to dismiss her case was plainly wrong.  *See* [Doc. 65, pp. 8–26].  She claims the Court erred in five ways.  First, she says the Court erred by framing her separation as the byproduct of the government's decision to prosecute her father, when the Court instead should have considered her separation to be the result of the government's malicious intent to separate migrant children from their parents, revealing the criminal prosecutions as pretextual.  *See id.* at 8–10.  Had the Court analyzed her allegations considering the government's "malicious motive," S.E.B.M. argues her case would not have been dismissed.  *Id.* at 9–10.  Second, S.E.B.M. asserts that the Court mischaracterized her claims as all stemming from the initial prosecution rather than considering separately the different ways she was mistreated in custody.  *Id.* at 10–15.  In other words, she argues the Court should have considered her initial separation from her father as one tort and severed it from other instances of poor treatment – prolonged separation from family, the failure to facilitate phone calls, linguistic isolation – treating each as different torts.  *See id.* at 10–15.  Third, S.E.B.M. says the Court mischaracterized her negligence claim as one for "negligent infliction of emotional distress" even though she pled the broader tort of negligence.  *Id.* at 14–15.  Fourth, she argues that the Court misapplied the Discretionary Function Exception because, in her view, the government lacked discretion to engage in malicious prosecutions, to keep S.E.B.M. separated from her father after his criminal detention ended, and to keep S.E.B.M. isolated from other Akateko speakers for several months.  *Id.* at 15–21.  Finally, S.E.B.M. argues that the Court also misapplied the Due Care Exception because the government was not mandated to keep S.E.B.M.

isolated from her father for several months, and even if it was, her treatment by the government fell short of "due care." *Id.* at 21–26.

The government responds to each point, but its overall counterargument is simple:  the Court's order dismissing this case was not clearly wrong. *See* [Doc. 73, pp. 10–17].  Motions under Rule 59(e) can only be granted based on legal error if the Court's decision was "clearly erroneous." *Id.* at 10 (citing *Wright ex rel. Trust Co. of Kan. v. Abbott Labs, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001)).  That standard requires the original decision to have been "arbitrary, capricious, whimsical, or manifestly unreasonable[.]"  [Doc. 73, p. 10] (quoting *Wright ex rel. Trust Co. of Kan.*, 259 F.3d at 1236).  Each issue S.E.B.M. raises – whether alleged malice undermined the government's prosecutorial discretion, the government's post-separation treatment of S.E.B.M., the nature of her negligence claims, and whether exceptions to FTCA liability apply – was considered in the Court's order and the decisions therein were grounded in reasonable interpretations of the law. *See* [Doc. 73, pp. 10–17].  And although S.E.B.M. directs the Court to many cases in which plaintiffs like her have defeated motions to dismiss, the government asserts that these cases do not show clear error because they are not binding on this Court. *Id.* at 10, 12–13, 16–17.  S.E.B.M. thus merely relitigates issues the Court addressed and already found unpersuasive.

## III.   BACKGROUND LAW ON RULE 59(e) MOTIONS

Parties can move to "alter or amend a judgment" under Rule 59(e) "no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Alteration or amendment of judgment can be any "substantive change in the district court's judgment," up to and including reopening a case after final judgment. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019).  A district court's decision on a Rule 59(e) motion is reviewed for abuse of discretion, but

that discretion is limited.  *Id.* at 929.  These limitations are founded on the public's strong

interest in the finality of judgments.  *Id.*

Rule 59(e) relief is appropriate in at least three situations:  (1) in response to an

intervening change in controlling law, (2) after discovery of new evidence previously

unavailable, and (3) to correct clear error or prevent manifest injustice.  *Hayes Family Trust v.*

*State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).  Generally, Rule 59(e)

motions cannot be used to merely relitigate issues and evidence already presented or to raise new

arguments or evidence which could have been presented before.  *See Exxon Shipping Co. v.*

*Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Wright & Miller, *Federal Practice &*

*Procedure* § 2810.1 (2d ed. 1995)).  That said, this does not prevent parties from rearguing a

matter to correct clear legal error.  *See Hayes Family Trust*, 845 F.3d at 1005.  The Tenth Circuit

has also stated that "a motion for reconsideration is appropriate where the court misapprehended

the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000) (comparing Rule 59(e) to Fed. R. App. P. 40(a)(2)).

Rule 59(e) motions can be granted based on new evidence when either (1) new evidence

is discovered after the relevant judgment issued, or (2) there is new evidence which was

available when the judgment was issued and which counsel diligently but unsuccessfully

attempted to obtain earlier.  *Bell v. Bd. of Cnty. Comm'rs of Jefferson County*, 451 F.3d 1097,

1102 (10th Cir. 2006).  What constitutes "availability" of evidence and "diligence" to obtain it is

unclear, but it at least requires a good reason for the evidence not to have been presented earlier

and some work by the relevant attorneys to get it.  *See Monge v. RG Petro-Machinery (Grp.)*,

701 F.3d 598, 612 (10th Cir. 2012) (holding that a Rule 59(e) movant did not show non-

availability nor diligence because the movant did not use discovery mechanisms available to him

6

which may have revealed the "newly discovered" evidence sooner). Further, it is not enough

that the evidence is new – the movant must show that the result would be different if it were

considered. *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213

(10th Cir. 2012). Judge Browning has opined that Rule 59(e) movants presenting new evidence

bear a burden of production which requires them to "do all of the legwork, and not rely on the

Court to do any supplemental fact-finding or legal research[.]" *United States v. Eccleston*, 19-

cv-01201-JB-CG, 2020 WL 6392821 at *25 (D.N.M. Nov. 2, 2020).

Rule 59(e) motions based on legal error, meanwhile, must show either an intervening

change in applicable law or clear, manifest error. *See Hayes Family Trust*, 845 F.3d at 1004;

*Benne v. Int'l Bus. Machines Corp.*, 87 F.3d 419, 429 (10th Cir. 1996). In the context of

reviewing for abuse of discretion, a decision contains "clear error" when it is "arbitrary,

capricious, whimsical, or manifestly unreasonable[.]" *Wright ex rel. Trust Co. of Kan.*, 259 F.3d

at 1235–36. Rule 59(e) motions can also be granted if the court's judgment was based on a

misapprehension of the law. *See Servants of the Paraclete*, 204 F.3d at 1012; *see also Atlantic

States Legal Found., Inc. v. Karg Bros., Inc.*, 841 F. Supp. 51, 55 (N.D.N.Y. 1993) (amending a

prior order upon finding that the order was based on a misinterpretation of applicable

regulations).

## IV.   <u>DISCUSSION</u>

On her "new evidence" argument, S.E.B.M.'s lawyers have not shown the minimum of

diligence necessary to win. The committee report was available when the complaint was filed

(*see above* at n.2), and the rest of the documents published by The Atlantic were available to

S.E.B.M.'s lawyers for two months while the government's motion to dismiss sat pending. Her

attorneys had the opportunity to move to amend the complaint based on new information or to

inform opposing counsel and the Court that they may want to amend their complaint with updated allegations. Such action would have allowed the Court to consider the weight of this new information without disturbing final judgment. And although S.E.B.M. could not have known whether the motion would be granted, nor when a decision would come, that uncertainty did not bar her lawyers from diligently bringing new information and allegations to the fore. The "diligent but unsuccessful" standard for Rule 59(e) motions must mean more than silently reviewing documents published by a third party, without actively seeking them, and telling no one about them.

S.E.B.M. also does not show that the new information would make a difference if incorporated into an amended complaint. Even ignoring that she does not direct the Court to specific documents until her reply brief, the quotes and summaries S.E.B.M. presents in her supporting memorandum are largely repetitive of her original claims that the government acted in bad faith and with intent to separate parents from children. [Doc. 65, pp. 4–5]. The presented information does not appear specific to her case and largely suggests disagreement among government personnel over the propriety and decency of how children were being treated. *See id.* at 4–5 (summarizing documents suggesting that some, but not all, officials in Immigration and Customs Enforcement and Customs and Border Protection believed practices may be illegal or harmful). The Court already considered the possibility that initial separations were motivated by the government's interest in deterring border crossings but concluded that government officials' overall course of conduct towards S.E.B.M. followed the law. *See* [Doc. 62, pp. 13–15, 25–32]; *S.E.B.M.*, 2023 WL 2383784 at *7–8, *14–16. Based on what S.E.B.M. states in briefing, it is not clear how the new information she wishes to rely upon would change the result.

Finally, S.E.B.M.'s arguments that the Court misapplied or misapprehended the law fail as well.  She overwhelmingly relies on district court cases which are not binding on this Court and which, for the most part, she relied upon in her briefing on the motion to dismiss.  *See* [Doc. 65, pp. 9–13].  Even if this Court's decision plainly disagrees with decisions of other district and magistrate judges, that does not show "arbitrary, capricious, whimsical, or manifestly unreasonable" decision-making, nor a plain misapprehension of the law.  At best, it shows differing interpretations among judges which can be resolved by appeal.  Additionally, her points consist almost entirely of matters which either were or could have been argued in her response to the motion to dismiss.  A Rule 59(e) motion is not meant to relitigate matters which were or could have been argued before.  *See Baker*, 554 U.S. at 485 n.5 (2008) (quoting 11 Wright & Miller, *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).  S.E.B.M.'s motion shows that she passionately and vehemently disagrees with this Court's decision, but not that it was so wrong as to warrant reopening her case.  The Court thus declines to do so.

V.  <u>**CONCLUSION**</u>

For the reasons stated above, **IT IS ORDERED** that Plaintiff S.E.B.M.'s Opposed Rule 59 Motion to Alter or Amend Judgment, [Doc. 64], is **DENIED.**

Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent